UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-185-MOC

| | |
|---|---|
| TRACY KLEIN, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| JAMES STEWART and ) | |
| APPALACHIAN COUNSELING AND ) | |
| PSYCHOLOGICAL SERVICES, INC., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a Partial Motion to Dismiss, filed by Defendants James Stewart ("Stewart") and Appalachian Counseling and Psychological Services ("ACAPS") (collectively "Defendants"). (Doc. No. 12). Pro se Plaintiff Tracy Klein ("Plaintiff") filed a response on October 15, 2024, (Doc. No. 15), and Defendants filed a reply on October 22, 2024 (Doc. No. 16). This matter is now ripe for disposition.

I. Background

A. Plaintiff's Allegations

In assessing Defendants' motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court presumes that the following factual allegations in Plaintiff's Complaint are true:

Defendants offered Plaintiff a written contract of employment with ACAPS on January 12, 2023, after a job interview with two of ACAPS' human resources representatives. (Doc. No. 1-1 ¶ 3). During the interview, Plaintiff expressed concerns regarding the wage-related terms of the contract. (Id. ¶ 5). The representatives verbally assured her she would make $77,000 in her

1

first year. (Id. ¶ 6). Plaintiff accepted the position based on this representation and began employment on April 1, 2023. (Id. ¶ 7). Plaintiff earned $50,987 in her first year of employment, and she was not compensated for certain job functions. (Id. ¶ 8). Defendant ACAPS later demanded Plaintiff return her $5,000 conditional signing bonus. (Id.).

B. Procedural Background

On June 7, 2024, Plaintiff filed a pro se complaint in the Buncombe County Superior Court, asserting three causes of action. (Doc. No. 1-1). First, Plaintiff claims that Defendants breached a verbal contract by failing to pay the total $77,000 in wages promised in the interview. (Doc. No. 1-1). Second, Plaintiff alleges that Defendants breached the employment contract by requiring her to perform duties not listed in the contract without compensation. (Id.). Third, Plaintiff alleges violations of North Carolina state wage law (the "NCWHA") and the Federal Labor Standards Act ("FLSA"). (Id.). Plaintiff seeks payment of unpaid wages, punitive damages, and emotional distress damages. (Id.).

On July 8, 2024, the case was removed to this Court. (Doc. No. 1). On September 11, 2024, Defendants moved to dismiss (1) Plaintiff's breach of contract claims and (2) Plaintiff's claims for punitive and emotional distress damages. (Doc. No. 12). Defendants also moved to dismiss Defendant Stewart from the lawsuit. (Id.). Defendants did not move for dismissal of the FLSA or NCWHA claims.

II. Legal Standard

Defendants have moved to dismiss under FED. R. CIV. P. 12(b)(6). Under FED. R. CIV. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion tests the sufficiency of the complaint by asking whether the Plaintiff "has stated a cognizable claim." Holloway v. Pagan River Dockside

2

Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). In reviewing a 12(b)(6) motion, the Court must accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). That said, to survive Defendants' 12(b)(6) motion, Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level," such that the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Instead, a complaint survives only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

Furthermore, while the Court may construe Plaintiff's complaint liberally because she is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [her] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. Discussion

**A. Whether Plaintiff States a Claim Against Defendant James Stewart**

Plaintiff does not make any specific allegations against Defendant Stewart in her complaint. She was interviewed by, and allegedly made a verbal contract with, other agents of APACS. Stewart did not sign the contract. Plaintiff does not allege or show that Stewart was a party to the written or verbal contract. Simply put, without mentioning Stewart by name in the

3

complaint, Plaintiff failed to state a claim against him. Plaintiff's claims against Defendant Stewart will therefore be dismissed.

**B. Whether Plaintiff States a Claim for Breach of Verbal Contract**

"Generally, the parol evidence rule prohibits the admission of evidence to contradict or add to the terms of a clear and unambiguous contract." Blondell v. Ahmed, 247 N.C. App. 480, 485 (2016). North Carolina recognizes the validity of merger clauses and has consistently upheld them. Zinn v. Walker, 87 N.C. App. 325, 333 (1987) ("[M]erger clauses were designed to effectuate the policies of the [p]arol [e]vidence [r]ule; i.e., barring the admission of prior and contemporaneous negotiations on terms inconsistent with the terms of the writing.") (listing cases).

Plaintiff's first claim relies on the existence of a verbal contract in which Defendants promised to pay her a salary of $77,000. Plaintiff admits, however, that she and Defendants executed a written contract. (Doc. No. 1-1). The written contract contains (1) a merger clause, and (2) a description of the compensation agreement between the parties. Therefore, the parol evidence rule bars Plaintiff's claim of a breach of a verbal contract regarding her compensation.

**C. Whether Plaintiff States a Claim for Breach of the Written Contract**

Plaintiff argues that Defendants breached the written contract by omitting work she was required to perform. However, she fails to explain how any term of the contract was in fact breached. To the extent Plaintiff is alleging that she was not compensated for work she performed, that issue is relevant to her NCWHA and FLSA claims, which are not the subject of this motion. Plaintiff failed to state a claim for a breach of any term in the written contract.

**D. Whether Plaintiff States a Claim for Punitive Damages**

"The appellate courts of this state have long and consistently held that punitive damages

4

should not be awarded in a claim for breach of contract." Shore v. Farmer, 351 N.C. 166, 170 (1999) (citing cases). Punitive damages claims are also not available under the FLSA. See, e.g., Jackson v. Estelle's Place, LLC, 391 F. App'x 239, 247 (4th Cir. 2010) (stating that "punitive damages and reinstatement or other injunctive relief are not available for claims under the FLSA") (citations omitted). Punitive damages are likewise unavailable under the NCWHA. See McKeown v. Tectran Mfg., Inc., No. 5:17CV109-GCM, 2018 U.S. Dist. LEXIS 47312, at *11 (W.D.N.C. Mar. 22, 2018) (dismissing a claim for punitive damages under the NCWHA on a 12(b)(6) motion).

Plaintiff's claim for punitive damages will be dismissed because they are not an available remedy for any of Plaintiff's causes of action.

### E. Whether Plaintiff States a Claim for Emotional Distress Damages

Emotional distress damages are not available for a breach of contract in North Carolina when the contract is "concerned with trade and commerce" or where pecuniary interests are the dominant motivating factor in the decision to contract. Hudgins v. RLB Mgmt., 223 N.C. App. 210 (2012) (citing Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 301 (1990)). While emotional distress damages may be available for anti-retaliation claims under the FLSA, they are not available for minimum wage and overtime violations. Whyte v. PP&G, Inc., 2015 U.S. Dist. LEXIS 68059, at *22 (D. Md. May 26, 2015) (explaining that relief under the FLSA's minimum wage and overtime provisions is "explicitly limit[ed] to unpaid compensation and liquidated damages."). The NCWHA mirrors the FLSA in that it explicitly lists what damages are available—unpaid wages, interest, liquidated damages, court costs, and attorney's fees. N.C. GEN. STAT. ANN. § 95-25.22. Therefore, the Court finds that the NCWHA likewise does not contemplate emotional distress damages.

5

Plaintiff cannot recover emotional distress damages for breach of contract because (1) those claims are now dismissed, and (2) both the alleged verbal contract and the written contract were concerned with trade and commerce and motivated by pecuniary interests. Plaintiff did not allege a violation of anti-retaliation provisions of the FLSA or the NCWHA. Therefore, emotional distress damages are not available for any of her claims, and her claim for such damages will be dismissed.

IV. **CONCLUSION**

For the above reasons, the Court will grant Defendants' motion to dismiss Plaintiff's claims for breach of a verbal contract, breach of a written contract, punitive damages, and emotional distress damages. The Court also dismisses Plaintiff's claims against Defendant James Stewart.

**ORDER**

**IT IS, THEREFORE, ORDERED,** that Defendants' motion to dismiss, (Doc. No. 12), is **GRANTED.** Plaintiff's claims for breach of a verbal contract, breach of a written contract, punitive damages, and emotional distress damages are **DISMISSED** with prejudice. Plaintiff's claims against Defendant James Stewart will also be dismissed. This action shall go forward on Plaintiff's other claims.

Signed: November 22, 2024

Max O. Cogburn Jr.
United States District Judge