UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-185-MOC

| TRACY KLEIN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, pro se, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| JAMES STEWART and | ) | |
| APPALACHIAN COUNSELING AND | ) | |
| PSYCHOLOGICAL SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se "Motion for Summary Judgment; Answer to Defendant's Motion to Dismiss; Answer to Defendant's Counterclaim; Motion for Temporary Injunction; and Motion to Amend Defendant's Name Change." (Doc. No. 4). Defendants filed a response on August 16, 2024, (Doc. No. 8), and Plaintiff filed a reply on September 9, 2024 (Doc. No. 10). This matter is now ripe for disposition.

I.       BACKGROUND AND DISCUSSION

In this action, pro se Plaintiff brings various claims against Defendants arising out of the terms of her employment. Plaintiff alleges the following in her Complaint: that Defendants offered Plaintiff a written contract of employment with ACAPS on January 12, 2023, after a job interview with two of ACAPS' human resources representatives. (Doc. No. 1-1 ¶ 3). During the interview, Plaintiff expressed concerns regarding the wage-related terms of the contract. (Id. ¶ 5). The representatives verbally assured her she would make $77,000 in her first year. (Id. ¶ 6). Plaintiff accepted the position based on this representation and began employment on April 1,

1

2023. (Id. ¶ 7). Plaintiff earned $50,987 in her first year of employment, and she was not compensated for certain job functions. (Id. ¶ 8). Defendant ACAPS later demanded Plaintiff return her $5,000 conditional signing bonus. (Id.).

On July 8, 2024, Defendants removed the action to this Court. (Doc. No. 1). On September 11, 2024, Defendants moved to dismiss (1) Plaintiff's breach of contract claims and (2) Plaintiff's claims for punitive and emotional distress damages. (Doc. No. 12). Defendants also moved to dismiss Defendant Stewart from the lawsuit. (Id.). Defendants did not move for dismissal of the FLSA or NCWHA claims. On November 22, 2024, this Court granted Defendants' partial motion to dismiss. (Doc. No. 8). The Court now addresses Plaintiff's pending motion.

In her motion, Plaintiff argues that Defendants have functionally admitted to all allegations in her Complaint because their Answer did not include explanations and present evidence in association with their denials. Under the governing Federal Rules of Civil Procedure, Defendants are not required to argue and prove their defense in their answer at the outset of the case and before discovery. The fact that Defendants here have not done so does not lead to a functional admission of the allegations in the Complaint. Because Plaintiff has failed to show the lack of an issue of material fact, her summary judgment motion is denied. Moreover, as noted, the Court has issued an Order granting Defendants' partial motion to dismiss. (Doc. No. 8).

Next, to the extent that Plaintiff seeks a preliminary injunction in her pro se motion, she wholly fails to satisfy her burden for obtaining a preliminary injunction. Thus, the Court will deny Plaintiff's motion.

Finally, to the extent that Plaintiff wishes to change the name of any of the Defendants, she may file a motion to amend her Complaint to add or change a Defendant's name.

2

Nevertheless, it appears that the entity requested by Plaintiff to be named as a Defendant—Appalachian Counseling and Psychological Services, Inc.—is already named as a Defendant.

II. CONCLUSION

In sum, for the reasons stated herein, Plaintiff's "Motion for Summary Judgment. Plaintiff's Answer to Defendant's Motion to Dismiss. Plaintiff's Answer to Defendant's Counterclaim, Plaintiff's Motion for Temporary Injunction, and Plaintiff's Motion to Amend Defendant's Name Change," (Doc. No. 4), is **DENIED**.

Signed: December 10, 2024

*[Signature]*

Max O. Cogburn Jr.
United States District Judge